IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| THE ENVIRONMENTAL | § |
| CONSERVATION ORGANIZATION | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 3-03-CV-2951-BD |
| | § |
| THE CITY OF DALLAS, | § |
| | § |
| Defendant. | § |

## **MEMORANDUM ORDER**

Plaintiff Environmental Conservation Organization ("ECO") and Defendant City of Dallas ("the City") both move for attorney's fees and costs as the prevailing party in this citizen enforcement action brought under section 505 of the Federal Water Pollution Control Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.* In its complaint, ECO alleged that the City regularly discharged pollutant-laden water from its various facilities without the proper permits or in violation of such permits ("illicit discharge claims"), and failed to develop and implement an effective program to monitor and reduce the discharge of pollutants into its municipal separate storm sewer system ("MS4 claims"). The illicit discharge claims were dismissed without prejudice because ECO failed to provide adequate notice to the City of the alleged violations as required by the CWA. *Environmental Conservation Organization v. City of Dallas*, No. 3-03-CV-2951-BD, 2005 WL 1771289 (N.D. Tex. Jul. 25, 2005). The MS4 claims were dismissed on res judicata grounds because the same claims were resolved by a consent decree in a related action brought by the United States Environmental Protection Agency ("EPA") against the City. *Environmental Conservation Organization v. City of Dallas*, ___ F.Supp.2d ___, 2007 WL 1228039 (N.D. Tex. Apr. 26, 2007).

After the court entered its final judgment, the parties filed the instant motions. ECO contends that it is entitled to attorney's fees and costs under conventional prevailing party principles or, alternatively, under a "catalyst theory." The City seeks litigation costs and court costs because it believes the citizen suit brought by ECO was unnecessary, unreasonable, and poorly motivated. Both motions have been fully briefed and are ripe for determination.

Federal law authorizes the recovery of litigation costs to a prevailing party in a citizen enforcement action brought under the CWA. The relevant statute, 33 U.S.C. § 1365(d), provides:

> The court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

Although neither the Supreme Court nor the Fifth Circuit has addressed what it means to be a "prevailing party" or a "substantially prevailing party" under this statute, other courts have held that a plaintiff in a citizen suit prevails by obtaining an enforceable judgment, or comparable relief through a consent decree or settlement, that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Sierra Club v. City of Little Rock*, 351 F.3d 840, 845 (8th Cir. 2003) (citations omitted); *see also United States v. Comunidades Unidas Contra La Contaminacion*, 204 F.3d 275, 282 (1st Cir. 2000) (same). By contrast, a prevailing defendant may recover litigation costs under the CWA only if the underlying action was frivolous, unreasonable, groundless, or vexatious. *See, e.g. Sierra Club*, 351 F.3d at 847; *Morris-Smith v. Moulton Niguel Water Dist.*, 234 F.3d 1277 (Table), 2000 WL 1195538 at *2 (9th Cir. Aug. 21, 2000); *Sierra Club v. Cripple Creek and Victor Gold Mining Co.*, 509 F.Supp.2d 943, 950 (D. Colo. 2006); *Atlantic States Legal Foundation, Inc. v. Onondaga Department of Drainage and Sanitation*, 899 F.Supp. 84, 87 (N.D.N.Y. 1995); *National Wildlife*

*Federation v. Consumers Power Company*, 729 F.Supp. 62, 63-64 (W.D. Mich. 1989). Judged against these standards, the court determines that neither party is entitled to attorney's fees or costs.

ECO is not a prevailing party because it did not obtain any actual relief. Rather, the claims brought by ECO in the citizen enforcement action were dismissed either for failure to comply with the pre-suit notice requirements of the CWA or on res judicata grounds. To the extent ECO seeks prevailing party status by virtue of the relief granted against the City in the EPA litigation, such an argument fails because ECO was not a party to the consent decree and did not obtain any judicially enforceable relief or rights as a result of the decree.[1]

Nor is ECO entitled to attorney's fees under the so-called "catalyst theory." Under this theory, a plaintiff is considered a prevailing party if it achieves the desired result because of a lawsuit that brought about a voluntary change in the defendant's conduct. No judicially sanctioned change in the legal relationship of the parties is required. However, in *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court rejected the "catalyst theory," making clear that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" to establish prevailing party status. *Buckhannon*, 121 S.Ct. at 1840; *see also Yousuf v. Motiva Enterprises LLC*, No. 06-31097, 2007 WL 2538437 at *2 (5th Cir. Sept. 5, 2007) (noting that *Buckhannon* rejected the "catalyst theory" previously applied by many circuits); *Sierra Club*, 351 F.3d at 845 (holding that *Buckhannon*

---

[1] The court recognizes that some recent decisions have held that a consent decree between the United States government and an alleged polluter confers prevailing party status on a citizen suit plaintiff, even where the citizen suit plaintiff was not a formal party to the consent decree. *See, e.g. Northeast Iowa Citizens For Clean Water v. Agriprocessors, Inc.*, 489 F.Supp.2d 881, 893 (N.D. Iowa 2007); *United States v. Board of County Commissioners of Hamilton County*, No. 1:02-CV-00107, 2005 WL 2033708 at *15 (S.D. Ohio Aug. 23, 2005). However, in those cases, the citizen suit plaintiff had intervened in the government action and secured nominal plaintiff status. Here, ECO never intervened in the EPA litigation and has no judicially-enforceable rights under the consent decree entered in that case.

abrogates the "catalyst theory" in CWA cases); *Northeast Iowa Citizens For Clean Water v. Agriprocessors, Inc.*, 489 F.Supp.2d 881, 891 (N.D. Iowa 2007) (same); *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, No. CV-04-87-S-BLW, 2007 WL 2461990 at *4 (D. Idaho Aug. 27, 2007) (same). *But see Ailor v. City of Maynardville*, 368 F.3d 587, 601 n.6 (6th Cir. 2004) ("It is an open question whether the catalyst theory remains viable in the context of environmental statutes like the CWA that limit attorneys' fees to a prevailing party or *substantially prevailing party*.") (emphasis in original).

Even if the "catalyst theory" survives *Buckhannon* in citizen suits brought under the CWA, the court declines to award attorney's fees and costs to ECO under that theory. The record in this case demonstrates that ECO was more of an "opportunist" than a "catalyst" with respect to the voluntary change in the City's conduct brought about by the consent decree in the EPA litigation. Before ECO sent its pre-suit notice letter, the EPA was well-aware of the alleged MS4 permit violations and had notified the City that it would be filing an enforcement action. (*See* Def. Resp. App., Exh. 4 at 3, ¶ 8). Thereafter, the City worked with EPA officials to obtain compliance with federal and state environmental regulations. There is absolutely no evidence that the citizen suit initiated by ECO had any impact on the ultimate resolution of the EPA litigation.

The court also denies the City's request for litigation costs under the CWA. There is no basis for the court to conclude that the citizen suit brought by ECO was "frivolous, unreasonable, or without foundation." *See Sierra Club*, 351 F.3d at 847, *citing Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). To the contrary, it appears that the suit had considerable merit in light of the civil penalties and other relief ordered by the court in the EPA litigation. With respect to the City's request for court costs under Fed. R. Civ. P. 54(d), the court declines to tax costs against ECO for two reasons. First, this case involved novel and difficult

legal issues, including whether the rule of res judicata applies to a citizen enforcement action under the CWA. Second, even though the court is not convinced that the citizen suit had any impact on the resolution of the EPA litigation, it cannot be questioned that the City acquiesced to essentially all the relief sought by ECO, resulting in a substantial benefit to the public. Under these unique circumstances, the parties should be required to pay their own costs.

For these reasons, ECO's motion for costs [Doc. #119] and the City's motion for costs [Doc. #118] are denied.

SO ORDERED.

DATED: November 21, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE